UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:                                                )
                                                      )   CASE NO: 19-00499-jw
                                                      )
Eva Rebecca Reid                                      )   CHAPTER 13
166 Fremont Drive                                     )
Summerville, SC 29483                                 )
SSN xxx-xx-4856                                       )
                    DEBTOR.                           )
                                                      )

## NOTICE OF OPPORTUNITY TO OBJECT AND CONFIRMATION HEARING

The debtor(s) in the above captioned case filed a chapter 13 plan on __1-28-19__. The plan is attached.

**Your rights may be affected by the plan.** You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Any objection to confirmation of the chapter 13 plan must be in writing, filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423, and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the plan and may enter an order confirming the plan.

Respectfully Submitted,

Robert R. Meredith, Jr., DC ID #6152
Elizabeth R. Heilig, DC ID #10704
Attorneys for Debtor/Movant
Meredith Law Firm, LLC
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000

Date: 1-28-19

| Fill in this information to identify your case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Eva** | **Rebecca** | **Reid** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | | **DISTRICT OF SOUTH CAROLINA** | | |
| Case number: | *19-00499-jw* | | | |
| (If known) | | | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$1,050.00** per **Month** for **57** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor     **Eva Rebecca Reid**                                       Case number

**2.2**     **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☒ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☒ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☒ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**Part 3:**     **Treatment of Secured Claims**

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1**     **Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☒ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2**     **Request for valuation of security and modification of undersecured claims.** *Check one.*

- ☒ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3**     **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*
- ☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
- ☒ The claims listed below are being paid in full without valuation or lien avoidance.

     These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
|  |  |  |  |  |

| Debtor | Eva Rebecca Reid | | | Case number | |
|---|---|---|---|---|---|
| **Name of Creditor** | **Collateral** | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** | |
| Vanderbilt Mortgage | 116 Fremont Drive Summerville, SC 29486 Berkeley County 2013 Clayton Special Mobile Home 16X76 (Est. Arrearage $3,927.76) | $40,942.18 | 6.00% | $897.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor | |
| Westlake Financial Services | 2010 Toyota Camry 172,869 miles VIN: 4T1BF3EK0AU054309 | $509.93 | 6.00% | $16.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor | |

*Insert additional claims as needed.*

**3.4   Lien avoidance.**

*Check one.*
   ☑   **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5   Surrender of collateral.**

*Check one.*
   ☑   **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:   Treatment of Fees and Priority Claims**

**4.1   General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3   Attorney's fees.**

   a.   The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

Debtor    **Eva Rebecca Reid**                              Case number _____

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐     The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐     **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑     **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑     The debtor estimates payments of less than 100% of claims.
☐     The debtor proposes payment of 100% of claims.
☐     The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑     **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.
☐     The debtor will maintain the contractual installment payments and cure, through the trustee, any prepetition default in payments on the unsecured claims listed below.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

☐     **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.
☐     The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

Debtor    Eva Rebecca Reid _____    Case number _____

| Name of creditor | Total amount to be paid on the claim | Interest rate |
|---|---|---|
| Nelnet (student loan) | $46,074.00 | unknown/contract rate |

Specify the amount and frequency of the payments and whether they will be made my the debtor or trustee.
The debtor will pay monthly as indicated on Schedule J, directly to creditor, but if these claims are filed by any other entity than that listed in the schedules and plan, the debtor will be responsible to notify the trustee, or the trustee may make disbursements on the claim pursuant to 5.1 above.

Provide a brief statement of the basis for separate classification and treatment. This class discrimination is fair pursuant to 11 U.S.C. §1322(b)(1), as the debt to this creditor represents a significant portion of the total general unsecured debt; the estimated payments to the remainder of the pool of unsecured creditors without priority is likely to be lower if the debtor included the debt in the pool to be paid *pro rata* by the Trustee. The debtor agrees that is she signs a certification of plan completion, she will be certifying that all contractual payments that came due to this creditor have been made through the date of certification. (see *In re Belton*, C/A/ No. 16-03040-jw, slip op. (Bankr. D.S.C. Oct. 13 2016)

### Part 6: Executory Contracts and Unexpired Leases

6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑    None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

7.1    **Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☑    Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐    Other. The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

8.1    **Check "None" or List Nonstandard Plan Provisions**
☐    None. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
8.1(a) Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. In Operating Order 18-4, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan. Therefore, all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.

8.1(b)The debtor reserves the right to seek loss mitigation or modification of the mortgage loan using the Loss Mitigation/Mortgage Modification Portal procedures described in Chambers Guidelines during the bankruptcy case, which may be effective upon subsequent approval by order of the Court.

8.1(c) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions

under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

**8.1(d) Confirmation of this plan may determine the character (secured, unsecured, or priority), amount, and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.**

**8.1(e) Student Loan Claims (From Section 5.3):**
**Payment to US Department of Education, Navient, FedLoan (PHEAA), Educational Credit Management Corporation and/or its servicers, assignees, guarantors (Collectively referred to hereafter as "Student Loan Creditor"):** Debtor will pay this student loan creditor directly as indicated on Schedule J; this creditor will no longer share in the pro rata distribution from the Trustee. If this claim is filed by any other entity or account number, Debtor will be responsible to notify the Trustee or Trustee may make disbursements on the claim.

**No Request for Discharge:** The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part, of the student loan obligations.

**No Discriminatory Treatment:** Student Loan Creditor shall not discriminate against Debtor and Debtor shall be entitled to all repayment options available to non-bankruptcy borrowers for which they are otherwise eligible.

**Pre-Petition Enrollment in IDR or Other Repayment Plan:** The Debtor shall be allowed to maintain enrollment in any pre-petition repayment plan for which they are or remain eligible, including but not limited to Income Driven Repayment ("IDR") plans and/or the Public Service Loan Forgiveness program, without disqualification due to the bankruptcy. Any direct payments made by the Debtor to Student Loan Creditor since the filing of the petition shall be applied to any repayment plan in which the Debtor was enrolled pre-petition despite any form of administrative forbearance status imposed due to the bankruptcy filing.

**Post-Petition Enrollment in IDR or Other Repayment Plan:** The Debtor may submit an application for participation in any IDR plan, including but not limited to the Public Service Loan Forgiveness Program, for which the Debtor is otherwise qualified, without disqualification due to the bankruptcy. If the Debtor is qualified for an IDR plan, Student Loan Creditor may place the Debtor in an IDR plan while the Chapter 13 case is open. Debtor may also elect to enroll in any non-IDR repayment plan without disqualification due to the bankruptcy if Debtor is otherwise eligible. Whether qualified for an IDR plan or enrolled in a non-IDR plan, monthly payments will be due to Student Loan Creditor while this Chapter 13 case is open.

**Consolidation:** The Debtor may, if necessary and desired, seek a consolidation, if s/he is otherwise eligible, of his/her student loans by separate motion and subject to subsequent court order.

**Annual Recertification:** Student Loan Creditor will inform Debtor and Debtor's Attorney through written or electronic correspondence when the annual certification package is due, in accordance with whatever procedures they use to inform non-bankruptcy borrowers about the requirement to re-certify and provide Debtor and Debtor's Attorney with all information and deadlines related to that process. **Notice to recertify will be sent to the Debtor and Debtor's attorney even if the account(s) has been put into an administrative forbearance status due to the filing of the bankruptcy.** After notification of the requirement to recertify, the Debtor will certify in accordance with the federal regulations. The Debtor shall notify the Chapter 13 Trustee of any adjustment (increase or decrease) to the Debtor's monthly IDR plan payment resulting from annual certification.

**11 U.S.C. § 362(a):** For the purposes of student loan IDR applications and/ or continuing participation in an IDR plan, or enrollment and/or participation in any non-IDR repayment plan while this Chapter 13 case is open, loan servicing, processing and other communications to the Debtor including late payment notices shall not be treated as violations of the automatic stay provisions of 11 U.S.C. § 362(a).

**Failure to Make Payments or Termination of Participation:** Debtor may elect to cease making payments on the Federal Student Loan and request administrative forbearance status and Student Loan Creditor will stay collection action until after this Chapter 13 case is closed. The Debtor will amend Schedule J and modify the Plan accordingly. If the Debtor becomes 60 days or more delinquent in post-petition payments to Student Loan Creditor, Student Loan Creditor will notify Debtor and his attorney by letter within 10 days of the 60-day delinquency.

**8.1(f) DEBTOR CERTIFICATION**

In connection with this plan, the debtor hereby states that he/she/they carefully reviewed this plan and understand the following:

**(1) The obligations set forth in this plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;**

Debtor     __Eva Rebecca Reid__     Case number _____

(2) The consequences of any default under this plan including any direct payments to creditors required by the terms of this plan; and

(3) That debtor may not agree to sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the prior authorization of the Bankruptcy Court.

### Part 9: Signatures:

**9.1 Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X _[signature]_       X _____
**Eva Rebecca Reid**      Signature of Debtor 2
Signature of Debtor 1

Executed on __01-28-19__      Executed on _____

X _[signature]_      Date __1/28/19__
**Robert R. Meredith, Jr. 6152**
**Elizabeth R. Heilig 10704**
Meredith Law Firm, LLC
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000 (p)
843-529-9907 (f)

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

**UNITED STATE BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: ) | CASE NO: 19-00499-jw |
| ) | |
| Eva Rebecca Reid ) | CHAPTER 13 |
| 166 Fremont Drive ) | |
| Summerville, SC 29483 ) | |
| SSN xxx-xx-4856 ) | |
| DEBTOR. ) | |

**CERTIFICATE OF SERVICE**

The above-signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 1-28-19

Shawnda Engram, Paralegal for
Robert R. Meredith, Jr., D.C. I.D. #06152
Elizabeth R. Heilig, D.C. I.D. #10704
Meredith Law Firm, LLC
Attorneys for Debtor
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000

AAFA of South Carolina
135 N Church Street
Spartanburg, SC 29306

ACS Primary Care Physicians SE PC
PO Box 740022
Cincinnati, OH 45274-0022

AMCOL Systems, Inc.
Amcol Systems, Inc.
Po Box 21625
Columbia, SC 29221

Berkeley County Tax Collector
PO Box 6122
Moncks Corner, SC 29461-6120

Charleston Gastroenterology Specialists
1962 Charlie Hall Blvd
Charleston, SC 29414

Choice Recovery
1550 Old Henderson Road
Suite 100
Columbus, OH 43220

Comenity Bank/Lane Bryant
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Convergent Outsourcing, Inc.
PO Box 9004
Renton, WA 98057

Financial Data Systems
1683 Military Cutoff Rd
Wrightsville Beach, NC 28403

Heritage Trust FCU
PO Box 118000
Charleston, SC 29423

IC Systems
PO Box 64378
Saint Paul, MN 55164-0378

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kohl's
PO Box 3043
Milwaukee, WI 53201

Lowcountry Eye Specialists
9565 Highway 78 Bldg 200
Ladson, SC 29456

LVNV Funding, LLC
PO Box 10497
Greenville, SC 29603

Medicredit, Inc
Po Box 1629
Maryland Heights, MO 63043

Montgomery Ward
3650 Milwaukee Street
Madison, WI 53714-2399

MUSC Health
University Medical Associates of MUSC
1 Poston Road Suite 300
Charleston, SC 29407

Najae Reid
166 Fremont Drive
Summerville, SC 29486

Ncc Business Svcs Inc
9428 Baymeadows Rd. Suite 200
Jacksonville, FL 32256

Nelnet
PO Box 82561
Lincoln, NE 68501-2561

NPRTO South-East, LLC
256 W Data Drive
#100
Draper, UT 84020-2315

Purpose Money
710 Bacons Bridge Road Ste E
Summerville, SC 29485

Resolve USA
PO Box 468326
Atlanta, GA 31146

Roper St. Francis Physicians
PO Box 650292
Dallas, TX 75265-0292

SC Department of Revenue
PO Box 12265
Columbia, SC 29211

Sprint
PO Box 629023
El Dorado Hills, CA 95762

Trident Medical Center
PO Box 740766
Cincinnati, OH 45274-0766

US Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorneys Office
1441 Main Street
Suite 500
Columbia, SC 29201

Vanderbilt Mortgage
Attn: Bankruptcy
Po Box 9800
Maryville, TN 37802

Verizon Wireless Bankruptcy Admin
500 Technology Drive
Suite 550
Saint Charles, MO 63304-2225

Wakefield & Associates
Attn: Bankruptcy
Po Box 441590
Aurora, CO 80044

Westlake Financial Services
4751 Wilshire Blvd, Ste 100
Los Angeles, CA 90010